# NO. 12-22-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MATTHEW EDGAR,*<br>*APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SABINE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Matthew Edgar's murder trial before a jury began on January 24, 2022. Beginning on January 27, Appellant failed to appear for the remainder of trial. The jury convicted Appellant of murder and sentenced him to ninety-nine years in prison. The State filed a motion to dismiss the appeal pursuant to Texas Rule of Appellate Procedure 42.4, noting that Appellant never turned himself in and has not been apprehended. Appellant's counsel concedes that Appellant failed to appear on January 27 and states that Appellant was not present when found guilty or when sentence was pronounced, and remains at large.

An appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state. TEX. R. APP. P. 42.4. However, upon our review of the State's motion, this Court discovered that sentence was not pronounced in Appellant's presence. With an exception inapplicable to this case, "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West Supp. 2022). Compliance with Article 42.03, Section 1(a) is a jurisdictional requirement, and in the absence of such compliance, an

appellate court is without jurisdiction. ***Cook v. State***, No. 06-14-00005-CR, 2014 WL 12740149, at *1 (Tex. App.—Texarkana Apr. 3, 2014, no pet.) (mem. op., not designated for publication).

On September 20, 2022, the Clerk of this Court notified Appellant that the record includes a judgment that reflects sentence was not pronounced in the defendant's presence and that it does not appear that this Court has jurisdiction of the appeal. The notice warned that the appeal would be referred to the Court for dismissal unless, on or before September 30, Appellant provided an explanation of why this Court has jurisdiction. This deadline passed without a response from Appellant.

The pronouncement of sentence is the appealable event. ***Ex parte Madding***, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Here, the record demonstrates that the trial court did not pronounce sentence in Appellant's presence, as Appellant had voluntarily absented himself from trial and before sentencing. Thus, we lack jurisdiction over the appeal. *See* ***Cook***, 2014 WL 12740149, at *2.

Generally, an appellate court must not affirm or reverse a judgment or dismiss an appeal if: (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act. Tex. R. App. P. 44.4(a). Under normal circumstances, we would abate the appeal to allow the trial court to pronounce sentence in the defendant's presence. *See* ***Cook***, 2014 WL 12740149, at *2. But here, Appellant remains at large; thus, the jurisdictional defect is not immediately curable and there is no indication as to when, if ever, the defect could be remedied. *See* ***id***. *see also* ***San Nicolas v. State***, No. 04-18-00537-CR, 2018 WL 6793272, at *1 (Tex. App.—San Antonio Dec. 27, 2018, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where appellant absconded before sentencing). Accordingly, under these circumstances, dismissal is a more appropriate remedy than abatement. *See* ***San Nicolas***, 2018 WL 6793272, at *1 n.1; *see also* ***Cook***, 2014 WL 12740149, at *2. Once Appellant is apprehended, the trial court can then pronounce sentence in his presence, which will begin the running of Appellant's appellate time requirements. *See* ***San Nicolas***, 2018 WL 6793272, at *1 (dismissing appeal for want of jurisdiction where appellant absconded before sentencing and remained at large); *see also* ***Cook***, 2014 WL 12740149, at *2 (dismissing appeal under virtually identical circumstances).

For the reasons discussed, we *dismiss* the appeal for *want of jurisdiction*. All pending motions are *overruled as moot*.

Opinion delivered October 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2022**

**NO. 12-22-00102-CR**

**MATTHEW EDGAR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 273rd District Court
of Sabine County, Texas (Tr.Ct.No. CR21-07945)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*